UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BETH FIEGER FALKENSTEIN,

Plaintiff,

v.

PRESCOTT NILES et al.,

Defendants.

Case No. 2:26-cv-07078-SB-PD

ORDER REGARDING DEFENDANTS' USE OF ARTIFICIAL INTELLIGENCE

The Court has identified several potentially concerning issues in Defendants' motion to dismiss and reply and their opposition to Plaintiff's motion for preliminary injunction.

First, the motion states—in quotation marks—that *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996), holds that an individual is liable for trademark infringement only if he was "the moving, active conscious force behind the [defendant's] infringement." Dkt. No. 26 at 14. *Yost* does not appear to contain such language. It instead states that a corporate officer may be personally liable for torts that he "authorizes or directs or in which he participates." *Id.* at 823. The motion also cites *Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1175–76 (11th Cir. 2002), for the proposition that "[a] successor . . . cannot establish priority by claiming the benefit of a predecessor's prior use absent independent use of her own." Dkt. No. 26 at 13. The cited pages principally address abandonment, and the Court has not located that proposition in the decision.

The reply also attributes allegations to the complaint that do not appear in the cited paragraph. It represents that "Falkenstein alleges that Niles 'engaged' Kramer, Starr, and Lowrey to perform at specific shows, that Niles selected the band name, and that Niles organized and controlled the entire enterprise. (Compl. ¶ 21)." Dkt. No. 36 at 9. Paragraph 21 does not appear to contain those

allegations. It alleges that Niles started an Instagram account announcing shows "featuring" certain musicians and that Niles or others acting under his direction started another account. The word "engaged," which the reply places in quotation marks, does not appear in paragraph 21. The reply also relies on the absence of a partnership agreement, organizational documents, or state filing in arguing that the alleged partnership cannot exist, while citing *Barr v. United Methodist Church*, 90 Cal. App. 3d 259, 266–67 (1979). Dkt. No. 36 at 11. *Barr* states that "[f]ormalities of quasi-corporate organization are not required."

The preliminary-injunction opposition contains similar citation problems. It attributes a quotation to *Herb Reed Enterprises, Inc. v. Monroe Powell's Platters, Inc.*, 736 F.3d 1245, 1252 (9th Cir. 2013), but the quoted language does not appear in the actual decision, *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013). Dkt. No. 30 at 15. The opposition likewise quotes *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985), as stating that delay "undercuts any claim that the harm is immediate and irreparable," but that quoted language does not appear in the decision. Dkt. No. 30 at 17.

These matters warrant explanation in light of counsel's certifications concerning generative artificial intelligence. In connection with the motion, counsel declared under penalty of perjury that "no portion" of the memorandum was "drafted or generated using generative artificial intelligence" and that all legal analysis, factual recitation, and citations were personally prepared by her. In connection with the reply, counsel disclosed using generative AI to assist in "sorting evidence, identifying relevant legal arguments, and drafting portions" of the filing, but certified that she personally reviewed every AI-assisted portion and "verified the accuracy and existence of all legal authorities," including that propositions of law were correctly attributed to the cited sources. Counsel made a materially similar disclosure and certification in connection with the preliminary-injunction opposition.

Accordingly, defense counsel Ashley D. Posner shall be prepared at the hearing on the motions to address: (1) the source of the purported quotation attributed to *Yost*; (2) the basis for attributing the stated successor-in-interest proposition to *Cumulus Media*; (3) the basis for the reply's representations concerning the allegations of Complaint ¶ 21; (4) the inaccurate quotations and citations to *Herb Reed* and *Oakland Tribune*; (5) which portions of the reply and preliminary-injunction opposition were prepared with the assistance of AI and what steps counsel took to verify them; and (6) whether generative AI was used in

any manner in researching, preparing, or drafting the motion to dismiss or its accompanying proposed order and, if so, the nature of that use.

The Court has not determined that counsel violated Rule 11, the Court's Standing Order, or any other obligation. The Court raises these issues so that counsel may provide an explanation at the hearing.

Date: September 3, 2026

Stanley Blumenfeld, Jr.
United States District Judge